## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARTON MINING COMPANY, INC., | ) | Case No. 06-625 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ——————————————— | ) | |
| | ) | |
| MITCHELL L. KLEIN, trustee of the estate | ) | |
| of BARTON MINING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. 08-69 |
| | ) | |
| VIRGINIA ELECTRIC POWER | ) | |
| COMPANY, INC. | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

### **MEMORANDUM OPINION**

Barton Mining Company, Inc. (the "Debtor"), filed a two count amended complaint against Virginia Electric Power Company, Inc. ("VEPCO"), for tortious interference with contracts it allegedly had with third parties, and for breach of contract based on the Debtor's alleged status as a third party beneficiary to an agreement between VEPCO and Buffalo Coal Company, Inc. ("Buffalo").

VEPCO moves to dismiss both counts of the Debtor's amended complaint on the basis that the Debtor has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), Fed. R. Bankr. P. 7012.

For the reasons stated herein, the court will grant in part and deny in part the motion to

dismiss.[1]

## I. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (stating that the court may grant a motion to dismiss only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."). Demonstrating grounds for relief under Rule 12(b)(6) requires the pleader to provide more than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," and be enough "to raise a reasonable expectation" of liability, "even if it strikes the savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely'" *Id.*

## II. BACKGROUND

Before entering bankruptcy, the Debtor and Buffalo were under common control through ownership interests. On October 25, 2005, Buffalo executed a coal supply agreement (the "Second Supply Agreement") with VEPCO, and Barton guaranteed Buffalo's performance under that Agreement. In February 2006, VEPCO terminated the Second Supply Agreement, and, thereafter, made a demand on the Debtor for $56,370,521, which VEPCO contends represents the Debtor's liability on its guaranty obligation.

---

[1] The Debtor's claim for breach of contract is identical to the claim asserted by an affiliated company, United Energy Coal. Inc., against VEPCO. For the reasons stated in this court's Memorandum Opinion in *Graham v. Virginia Electric Power Company, Inc. (In re United Energy Coal, Inc.)*, Case No. 08-38 (Bankr. N.D.W. Va. Nov. 19, 2008) (Document No. 73), the court will dismiss the Debtor's claim for breach of contract. Likewise, for the reasons stated in that Memorandum Opinion, the court will deny VEPCO's motion to dismiss all counts of the Debtor's adversary complaint based on its theory that the Debtor's causes of action were unfiled compulsory counterclaims in an earlier filed Virginia action that was voluntarily dismissed by the parties. Finally, to the extent that VEPCO seeks to dismiss the count in the Debtor's adversary complaint objecting to its filed proof of claim, VEPCO's motion is denied.

VEPCO's termination of the Second Supply Agreement with Buffalo had an adverse effect on the Debtor's ability to operate and fulfill its alleged contractual obligations to Lehigh Cement Company ("Lehigh"), and to Buffalo. After VEPCO terminated the Second Supply Agreement with Buffalo, the operations of Buffalo ceased. Consequently, the Debtor lost Buffalo as a "purchaser" of its coal, and the Debtor could no longer satisfy its coal supply obligations to Lehigh. As a result, Lehigh obtained a judgment for $3,028,539 against the Debtor.

### III. DISCUSSION

The Debtor asserts that VEPCO's termination of the Second Supply Agreement with Buffalo was wrongful. In wrongfully terminating the Second Supply Agreement, the Debtor's argues, VEPCO tortiously interfered with the Debtor's contract with Lehigh, and ended its ability to supply coal to Buffalo.

VEPCO asserts that the Debtor's tortious interference claims must be dismissed as a matter of law on the grounds that the Debtor's amended complaint fails to allege that VEPCO directly interfered with the Debtor's contract with Lehigh, much less that such interference was wrongful and without justification. Likewise, VEPCO asserts that the amended complaint fails to allege that the Debtor had a coal supply contract with Buffalo that was capable of being interfered with by VEPCO. At best, VEPCO argues, the Debtor had an economic relationship with Buffalo; but even then the Debtor has failed to allege that VEPCO's termination of the Second Supply Agreement with Buffalo was calculated to cause damage to the Debtor's economic relationship with Buffalo.

The parties dispute whether Maryland or West Virginia law applies to the Debtor's claim for tortious interference. West Virginia follows the *lex loci delicti* choice of law rule. *McKinney v. Fairchild Int'l*, 487 S.E.2d 913 (W. Va. 1997) ("'In general, this State adheres to the conflicts of law doctrine of *lex loci delicti*.'") (Syllabus Pt. 6) (citation omitted). Here, the Debtor concedes that it is a Maryland corporation, it has a Maryland street address, and that its business is conducted in Maryland. Maryland is, therefore, the place where the Debtor suffered its financial harm from VEPCO's alleged tortious interference; under West Virginia's *lex loci delecti* choice of law rule, Maryland substantive law applies to the Debtor's claim. *See, e.g.*, *Sheldon v. Khanal*, No. 07-2112, 2007 U.S. Dist. LEXIS 87973 at *27 n.7 (D. Kan. Nov. 29, 2007) ("[T]he Court finds that the law of the place of financial consequence controls [the claim for tortious interference]. Because Sheldon alleges that he felt the financial consequences of defendants' tortious acts in Kansas (where he lives),

−3−

Kansas is the place of his injury and its law governs his tort claims.").

Under Maryland law, the elements necessary to establish a *prima facie* case for tortious interference with contract are: "(1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff." *Fowler v. Printers II, Inc.*, 598 A.2d 794, 802 (Md. Ct. App. 1992). From VEPCO's perspective, the Debtor's amended complaint fails to include any allegations that VEPCO specifically intended to interfere with the Debtor's contract with Lehigh or Buffalo, and, moreover, fails to allege the existence of a contract between the Debtor and Buffalo. The Debtor's amended complaint makes the following factual allegations:

> 15.    At the time VEPCO terminated its agreement with Buffalo VEPCO knew of the contract that Buffalo, United and Barton had to supply coal to Lehigh and likewise VEPCO knew or should have known that Barton was supplying or intended to supply coal to Buffalo which in turn was to be used by Buffalo to supply VEPCO.
>
> 16.    Because Buffalo and United had to cease operations and were no longer able to supply coal to Lehigh, Barton could not fulfill its obligations to Lehigh and as a result Lehigh obtained a judgment against Barton . . . .

(Document No. 5, p.3).

As VEPCO points out, no specific allegation exists in the amended complaint that it intentionally or purposefully breached the Second Supply Agreement with Buffalo so that it could wrongfully interfere with the Debtor's business contracts with Lehigh and Buffalo. Importantly, however, this case is before the court on VEPCO's Rule 12(b)(6) motion to dismiss. When the Debtor formulated its amended complaint, all that the Federal Rules required was that it provide notice of the nature of the claim and the factual grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Twombly*, 127 S. Ct. at 1964. Rule 8 is fashioned to provide fair notice of a claim; it is not based on technicalities. 2 *Moore's Federal Practice* – Civil § 8.04[1][a] (2008). In this court's view, the Debtor's amended complaint satisfies the requirements for Rule 8. The Debtor stated that it supplied coal to Buffalo for resale. A reasonable inference exists that the Debtor could expect payment for that coal and that the coal was delivered pursuant to a contract. While serious doubts may exist as to whether VEPCO intended to interfere with the Debtor's business contracts by its alleged breach of the Second Supply Agreement with Buffalo, the court cannot say that the factual allegations in the

complaint fail to raise the Debtor's right to relief on its tortious interference with contract claim above the speculative level. *Twombly*, 127 S. Ct. at 1965. It may be more appropriate the deal with the merits of the Debtor's tortious interference claim on summary judgment because the court sees no insuperable bar to relief in this case that would cause it to grant VEPCO's motion. The pleaded facts are enough to raise the inference that VEPCO intended to harm the Debtor's relationships with third parties by breaching the Second Supply Agreement, and no requirement exists under Rule 8 (or Rule 9) that the facts underlying the inference be pled with particularity.

### III. CONCLUSION

For the above-stated reasons, and for the reasons articulated by this court in the companion case of *Graham v. Virginia Electric Power Company, Inc. (In re United Energy Coal, Inc.)*, Case No. 08-38 (Bankr. N.D.W. Va. Nov. 19, 2008) (Document No. 73), the court will enter a separate order that grants in part and denies in part VEPCO's motion to dismiss. Also, pursuant to an unopposed motion to consolidate this adversary proceeding with the proceedings in the companion case, the court will order consolidation of this proceeding for purposes of discovery.